UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-23443-BLOOM/OTAZO-REYES

SECURITIES AND EXCHANGE COMMISSION,        )
                                            )
           Plaintiff,                       )
                                            )
v.                                          )
                                            )
SKY GROUP USA, LLC                          )
EFRAIN BETANCOURT, JR.,                     )
                                            )
           Defendants, and                  )
                                            )
ANGELICA BETANCOURT                         )
EEB CAPITAL GROUP, LLC,                     )
                                            )
           Relief Defendants.               )
_____)

**DEFENDANT EFRAIN BETANCOURT, JR.'S
ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES/AVOIDANCES AND
<u>DEMAND FOR JURY TRIAL</u>**

Defendant Efrain Betancourt, Jr. ("**Mr. Betancourt**"), by and through his undersigned counsel, hereby submits this Answer with Affirmative Defenses to Plaintiff Securities and Exchange Commission's ("**Plaintiff**" or "**SEC**") Complaint (Docket Entry ("**D.E.**") 1). In furtherance of the same, Mr. Betancourt respectfully states as follows:

1. Mr. Betancourt understands that a parallel federal criminal investigation (the "**Parallel Criminal Investigation**") relating to the allegations of the Complaint is currently being conducted. As such, Mr. Betancourt has a real and substantial apprehension of possible criminal prosecution. Mr. Betancourt now faces the choice of being prejudiced in the present litigation if he asserts his Fifth Amendment rights against self-incrimination in response to the SEC's Complaint or being prejudiced in the Parallel Criminal Investigation if those rights are waived. Faced with this untenable dilemma, Mr. Betancourt must make a provisional election to avoid an inadvertent waiver of his constitutional

rights. Accordingly, in an abundance of caution and upon the advice of his counsel, Mr. Betancourt admits that this Court has personal jurisdiction over him and subject matter jurisdiction over this action, but he provisionally asserts his right against self-incrimination granted by the Fifth Amendment to the United States Constitution in response to Paragraphs 1 through 62 of the Complaint in Sections I (Introduction), II (Defendants and Relief Defendants), III (Jurisdiction and Venue), IV (Facts), V (Claims for Relief), and VI (Relief Requested), all as alleged in the Complaint. Mr. Betancourt reserves the right to withdraw this assertion at a later date and amend this response to provide substantive answers to the allegations of the Complaint.

2. Mr. Betancourt submits that no negative inference should be drawn from his exercise of his Fifth Amendment rights herein. The Fifth Amendment protects a person from "being compelled in any criminal case to be a witness against himself" and applies in any proceeding to "any disclosures that the witness reasonably believes could be used in criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972). The Supreme Court has long condemned "the practice of imputing a sinister meaning to the exercise of a person's constitutional right under the Fifth Amendment," finding that "[t]he right of an accused person to refuse to testify, which had been in England merely a rule of evidence, was so important to our forefathers that they raised it to the dignity of a constitutional enactment, and it has been recognized as 'one of the most valuable prerogatives of the citizen.'" *Slochower v. Board of Higher Education*, 350 U.S. 551, 557-558 (1956) (citations omitted). "The privilege against self-incrimination would be reduced to a hollow mockery if its exercise could be taken as equivalent either to a confession of guilt or a conclusive presumption of perjury. . . . [A] witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances." *Id.* (citations omitted).

3. Mr. Betancourt reserves the right to withdraw his assertion of the Fifth Amendment privilege should he believe it appropriate to do so, including in the event that he obtains immunity from the United States Attorney under 18 U.S.C. §§ 6002 and 6004 or otherwise receives appropriate safeguards to protect him against criminal prosecution. In the event that Mr. Betancourt withdraws his assertion of the Fifth Amendment privilege, he will seek to amend this Answer to provide substantive responses and/or additional affirmative defenses.

## AFFIRMATIVE DEFENSES/AVOIDANCES

Mr. Betancourt asserts the following affirmative defenses and avoidances, which can be proven without testimony by him, and reserves the right to amend his answer and affirmative defenses and avoidances based upon information obtained during the course of discovery and/or through the litigation process in this action.

## FIRST AFFIRMATIVE DEFENSE

### The Supreme Court's Decision in *Liu* Restricts the SEC to Disgorgement of Net Profits

In the Complaint, the SEC seeks "an Order directing Sky Group, Betancourt and all of the Relief Defendants to disgorge all ill-gotten gains, including prejudgment interest . . ." D.E. 1 at 15. The Supreme Court, however, recently held in *Liu v. SEC*, 140 S. Ct. 1936, 1937, 207 L. Ed. 2d 401 (2020), that to constitute permissible equitable relief authorized by 15 U.S.C. § 78u(d)(5), any disgorgement awarded must "not exceed a wrongdoer's net profits" and must be "awarded for victims." Thus, the SEC is restricted to seeking the disgorgement of only "net profits" and may not seek disgorgement of "all ill-gotten gains."

## **SECOND AFFIRMATIVE DEFENSE**

**The promissory notes sold to the lenders May Not Be Securities**

The promissory notes may not be "securities" falling within the penumbra of the definition of a security pursuant to Section 2(a)(1) of the Securities Act of 1933 ("**Securities Act**"), 15 U.S.C. § 77b(a)(1); Section 3(a)(10) of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10); *Reves v. Ernst & Young*, 494 U.S. 56, 63 (1990); and *SEC v. W.J. Howey Co.*, 328 U.S. 293, 301 (1946). Further, even if the promissory notes described in the Complaint are found to be "securities," they may be entitled to an exemption from registration under the Securities Act and the rules and regulations promulgated thereunder.

**DATED**:   February 14, 2022
             Coral Gables, Florida

                                          */s/ Mark David Hunter*
                                          Mark David Hunter, Esquire
                                          Florida Bar No. 12995
                                          Jenny Johnson-Sardella, Esquire
                                          Florida Bar No. 67372
                                          Hunter Taubman Fischer & Li LLC
                                          2 Alhambra Plaza, Suite 650
                                          Coral Gables, Florida 33134
                                          Tel:   (305) 629-1180
                                          Fax:   (305) 629-8099
                                          E-mail:mhunter@htflawyers.com
                                                 jsardella@htflawyers.com

**CERTIFICATE OF SERVICE**

      I, Mark David Hunter, do hereby certify that on February 14, 2022, a true and correct copy of the foregoing document was electronically filed and served.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing.  Parties may access this filing through the Court's CM/ECF System.

                                                    */s/ Mark David Hunter*
                                                   Mark David Hunter