UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-23443-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

v.

SKY GROUP USA, LLC and
EFRAIN BETANCOURT

       Defendants, and
_____/

ANGELICA BETANCOURT and
EEB CAPITAL GROUP, LLC

       Relief Defendants.
_____/

**RELIEF DEFENDANT, ANGELICA BETANCOURT'S
RESPONSE IN OPPOSITION TO DEFENDANT SKY GROUP USA, LLC AND
EFRAIN BETANCOURT'S MOTION TO DISQUALIFY COUNSEL [D.E. 40]**

Relief Defendant Angelica Betancourt ("Angelica"), files this Response in Opposition to the Defendants Sky Group USA, LLC ("Sky") and Efrain Betancourt's ("Efrain") Motion to Disqualify her Counsel, Richard Diaz (the "Motion") [DE 40] and states:

**I.  Introduction**

**a. The prior three (3) arbitration litigation cases between Andres Zorrila, Melissa Montoya and Juan Pablo Montoya against Efrain Betancourt and Sky Group USA**

Years before the SEC filed the complaint in this case, Diaz was representing three claimants – Melissa Montoya, Andres Zorrilla and Juan Pablo Montoya - against Sky and Efrain for fraud and breach of contract relating to their investments with Sky. All three cases were filed in the American Arbitration Association ("AAA").[1]

---

[1] Angelica was not a party, a witness, or a beneficiary in any of those AAA cases. Conversely, no party has listed any of those individuals as witnesses in this (SEC) case.

1

In the Juan Pablo Montoya AAA case, a Stipulated Confidentiality and Protective Order ("PO") was entered on May 4, 2021.[2] As an unrepresented Respondent at two status conferences in the Juan Pablo Montoya AAA case in November 2021, Efrain said that he perceived Diaz' representation in *that* case and his representation of Angelica in this (SEC) case to be a conflict of interest.  That is called being on "notice".

Melissa Montoya's case was dismissed on November 8, 2021 due to the Respondents' – Sky and Efrain's - nonpayment of their portion of the arbitration fees; Andres Zorrilla's case has been suspended since August 23, 2021 for the same reason. The Juan Pablo Montoya case was tried with an arbitration award entered against Efrain and Sky on January 14, 2022. In short, those cases are suspended or concluded.

### b. The SEC case

On September 27, 2021, the SEC filed the complaint in this case [DE 1]. On October 1, 2021, Diaz filed his Notice of Appearance [DE 10] in this SEC case as counsel of record for Angelica, a relief defendant. On November 15, 2021, Defendants' counsel filed his Notice of Appearance [DE 13], at a time when their clients- the Defendants – were yelling "conflict" to the arbitrator in the Juan Pablo Montoya AAA case. Yet, they waited 137 days to move to disqualify Diaz (as counsel for Angelica) claiming that Diaz has violated Rule 4.7 of the Florida Rules of Professional Conduct involving a conflict of interest. That is called "waiver".

### II.      Summary of the Argument

Defendants' Motion can be denied on its face for three reasons. One, because it does not clearly specify what the conflict is and who is affected by it.  Two, because Defendants failed to "check the (5) boxes" as required by applicable law.  Third, Angelica has received the benefit of advice of independent counsel and although not legally necessary, has given a waiver. Despite that and even without the waiver, unfortunately for the Defendants, the rule only applies in one of two scenarios, neither of which exists here.

### Florida Bar Rule 4-7.7 – Conflicts of Interest

A conflict scenario can arise when the representation of one client will be "*directly adverse*" to **another client**. See, Florida Bar Rule 4-7.7(a)(1).  Angelica is Diaz' client. Neither

---

[2] As we discuss further below, a close and careful reading of the PO demonstrates that Defendants' allegations that Diaz breached it has no merit. The PO is referenced as DE: 40-2 and is incorporated herein by reference.

Efrain nor Sky have ever been Diaz' clients. The issue dies there. Although, the interests of Andres Zorrilla, Melissa Montoya and Juan Pablo Montoya are not adverse to Angelica's interests, even if they were, Defendants have no standing to object to that representation; only those clients would and they are not voicing any complaint of conflict.

      A second conflict scenario arises if there is a *substantial risk* that the representation of one (or more) client will be materially limited by the lawyer's responsibility to another existing client, a former client, a third person, or by a personal interest of the lawyer. See, Florida Bar Rule 4-7.7(a)(2). Defendants have not proffered a substantial risk (if any) or connect to how it would "materially limit" Diaz' representation in this (SEC) case. The AAA cases are not active, and the standing issue aside, Defendants cannot point to *how* Diaz' representation of Angelica in this (SEC) case is materially limited. Diaz' "AAA clients" cannot help or hurt Angelica in this (SEC) case. Diaz' AAA clients have never met or dealt with Angelica. They have no personal knowledge as to Angelica.  See, Fla.R.Evid. 602.  Further, Angelica answered the complaint and asserted her affirmative defenses and neither her answer nor defenses implicate or depend upon the actual or potential testimony of Andres Zorrilla, Melissa Montoya or Juan Pablo Montoya. See also, footnote 1.

      Last, Diaz has no "personal interest" in defending Angelica in this (SEC) case.

      **Question** : What are Diaz' "personal interests" in the AAA cases?

      **Answe**r: Get judgments for Andres Zorrilla, Melissa Montoya and Juan Pablo Montoya so maybe Diaz can earn a fee? Great!

      **Question**: Did Angelica do anything to help Juan Pablo Montoya get his arbitration award against Sky and Efrain?

      **Answer**: No.

      **Question**:  Does Angelica have any way to help Juan Pablo Montoya collect on his arbitration award?

      **Answer**: No

      **Question**: What can Angelica do to help to get the AAA cases of Andres Zorrilla and Melissa Montoya reopened?

      **Answer**: Pay about $10,000.00 in arbitration fees due by Sky/Efrain to the AAA. Really?

      **Question**:  What can Díaz' AAA clients do to help Angelica in the SEC case?

**Answer**: Nothing.

While it is true that by representing Angelica, Diaz has become privy to what Efrain would like to keep secret. But Angelica is free to share those facts with *any lawyer* she chooses, including the one who previously sued her ex-husband, (i.e., Diaz). Angelica is not bound by any confidentiality agreement or order in the AAA cases, in this SEC case, or in any case for that matter. Defendants through their own counsel's negligence have failed to raise any spousal privilege and therefore that is waived too.

Next and last, the Defendants cannot point to anything Diaz allegedly confidentially learned from Sky/Efrain in the AAA cases that is now being used here, or, that could not otherwise be independently discovered here, or disadvantageous to Angelica. But even if there were something Defendants could point to, they must still prove that it violated the PO which they cannot do for the multiple reasons cited in **Section IV** below.

### III.   Background

We address the falsities, exaggerations and misplaced suppositions and speculation in Defendants' Motion. The Defendants allege "upon information and belief" that Diaz is not charging Angelica any legal fees. (Mot. p. 3). Despite being irrelevant and immaterial, that is bait in the water Diaz will not bite on because that matter – itself and standing alone –is confidential. The Florida Bar conflict rules are not implicated based upon whether a lawyer represents a client for compensation or pro bono. As such, that is just a red-herring argument.

### IV.   Argument

Defendants also complain that whatever Diaz learns in this (SEC) case, *might* be beneficially useful to Diaz' clients in the AAA cases. Besides this being sheer speculation, that does not create a conflict of interest. Also, the Defendants first overlook that the AAA cases are inactive but moreover, discovery in *this* (SEC) case is not protected by any confidentiality agreement or order. Defendants have only themselves-and their "experienced SEC defense counsel" - to blame for failing to seek such protection in this (SEC) case and now it is too late. That is a waiver and might be grounds for a legal malpractice claim later for Defendants, but it does not create a conflict of interest or support Diaz' disqualification from representing Angelica now in this (SEC) case. The legal doctrines of waiver and estoppel (and potential future legal malpractice claim) ring loudly. But even if the AAA cases ever "re-activated," Angelica could care less whether and what information Diaz gets from this (SEC)

case and uses it any of the AAA cases because, as repeatedly stated, she is not a witness, a party, or a beneficiary to the results of those AAA cases. In short, there is no impediment for Diaz to use whatever information he get in this case to use in another case.

a. Public discussions

Defendants also complain about Diaz' public comments offering his opinions describing Betancourt's actions. But those opinions (and moniker) merely echo the SEC's allegations in the complaint which has been publicly filed for months now with the only difference here is that the SEC calls Efraín a Ponzi schemer and Diaz associated that to a lesser prolific version of another Ponzi schemer - Bernard Madoff. On September 21, 2021, the Sun Sentinel wrote an article regarding the Defendants titled "Scammer Went After South Florida Venezuelans…".www.sun-senteinel.com, September 27, 2021. Therefore, describing Efrain as a mini Madoff did not have to come from any deposition; it was merely a repeat of what the government and the media were saying about Efrain after the SEC filing became public. Indeed, a Google internet search to various cites including many from Spanish media outlets have public descriptions similarly labeling Efrain Betancourt, at least one of them conducted an independent investigation and publically accused him of being associated with the corrupt Venezuelan presidents, Chavez and Maduro. Prensa America Internacionales, September 29, 2021. One blogger, Isaura Aguilar, blogged the following quote (translated into English): "*I am so glad that another thief has been unmasked for monies that rightfully belong to needy Venezuelans. I applaud this.*" Another blogger, Carlos Villaruel, blogged the following quote (also translated into English): "*Apply the heaviest punishment against him, confiscate his assets, fine him, send him to prison as an example to others*".

The public record abounds with court filings, media opinions, media descriptions and bloggers that Efrain was a con artist, whether he is called a ponzi schemer, a mini Madoff, a fraudster, or "otherwise".

b. The PO in the Juan Pablo Montoya AAA Case

Next, Defendants complain that Diaz' alleged breach of the PO in the AAA case somehow creates a conflict of interest warranting disqualification in this case but *without articulating how one connects to the other*. (Mot. p.4). Defendants purposely do not say what *exactly* was allegedly disclosed from Efrain's deposition in the AAA cases that violated the PO. Nor, does the Motion articulate how it would create a conflict of interest in this (SEC)

5

case now. There simply is no nexus and because Defendants make a vague accusation rather than a specific, identifiable statement that was allegedly protected and disclosed, it is impossible to respond precisely because there is no target to point at. However, we still respond *generally* as to who and why whatever it is that was in Efrain's AAA deposition, is not covered by the PO.

Defendants shamefully – or perhaps intentionally - overlook several aspects of the PO, which render this issue, a nullity. The PO has 9 paragraphs. None of them give it retroactive application, meaning, that nothing that Diaz learned or was disclosed to Diaz before its execution, is protected. The Defendants have nobody except their counsel to blame for this significant failing. Defendants also ignore critical language in the PO: "*However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.*" This means that anything that is publicly known, available or published that became part of Juan Pablo Montoya's trial, or that falls in the "otherwise" category lost the protections of the PO, and is fair game.

In Juan Pablo Montoya's AAA case, the Defendants' attorneys[3] filed an Answer and Affirmative Defenses[4] ("AAD") on October 12, 2020, (**Exhibit A**). They filed a Counterclaim ("CC") on behalf of Sky, on September 21, 2020. (**Exhibit B).** Those two filings predated the PO. Since the PO has no retroactive application, those filings - which were in the public domain - fall under the "otherwise exception" category to ¶3 of the PO, "Designation of Information as Confidential", because Defendants' attorneys failed to so designate or stamp them as "Confidential" as required by ¶3 (a) and (b) of the PO. *Thus,* every statement in those two filings is not only an admission against the Defendants, but is also now fair game. In ¶8 of the AAD, the Defendants admitted to meeting Juan Pablo Montoya. In ¶29 of the AAD, they admitted that Sky executed the promissory note. In the first Affirmative Defense (AD), the Defendants incredibly but actually admitted they were engaged in criminal usury. (**Exhibit A p. 9)**. These filings constitute an absolute waiver and estoppel from Defendants now claiming that there was a violation of the PO of any information previously disclosed that was derived or extrapolated from those filings.

---

[3] Greenberg Taurig.
[4] No Fifth Amendment privilege was asserted on behalf of Efrain Betancourt.

### c. The real conflict of interest

Ironically, based on recent developments, discussed below, the *real* conflict now is for Efrain and perhaps his current counsel, Mark Hunter and Robert Harris. As demonstrated below, Efrain's true plan all along was - and still is - to control and manipulate Angelica to protect the Defendants' own selfish interests evidenced by Efrain's recent attempts to "force-place" a lawyer on her – ironically, ignoring the major conflict of interest which *that* would present.

Not long ago, and quite unexpectedly, Efrain contacted Angelica in what can only be described as an act of obstruction of justice. He pressured her to fire Diaz and accept a lawyer *he* would choose – *including his current counsel* – and he promised to pay for that "joint defense" and any additional legal fees Mr. Hunter and Mr. Harris, or any another lawyer Efrain would hire. In that conversation, Efrain expressed that he could better protect Angelica with a lawyer he controlled and paid because Diaz would not play ball with his attorneys. It is currently unknown if Efrain was "put up" to this arrangement by his counsel, or if he was acting on a frolic of his own. Regardless, Angelica declined this indecent proposal and quite shortly after, his lawyers filed the disqualification motion. The timing of the initial threat of a disqualification motion, followed by Efrain's "pitch" to his ex-wife, followed by the filing of the Motion itself, are *quite* telling and troubling.

We note that historically, the United States Attorney's Office for the Southern District of Florida has not been shy to criminally charge people – including lawyers – for attempting to influence actual or potential witnesses. This has included targets paying lawyers to defend a third party in the hope and expectation that the "free" legal representation will become the functional equivalent of "hush money," and thus shielding the target. Defense counsel just filed a "Fifth Amendment" Answer for Efrain confessing his/their knowledge of a parallel criminal investigation [DE 42 ¶1]. Thus, Defendants' motion now puts their own clients—the Defendants—under potential scrutiny from criminal investigation for Efrain's obstruction of justice which violates Title 18 U.S.C. §1512 and is a federal felony, which is a self-created conflict of interest between Defendants and their counsel.

### d. Diaz did not violate any rule of professional conduct

Defendants contend that Diaz violated Rule 4.1-7 of the Rules Regulating the Florida Bar, Conflict of Interest. The Defendants cannot carry their burden. The motion is not

supported by any fact(s) that support any conflict of interest. Neither Efrain nor Sky are current or former "Diaz clients;" Angelica was and is not a witness in any of the AAA cases; the claimants in the AAA cases are not parties or witnesses in this SEC case either. Diaz has never represented Sky or Efrain in any matter, he therefore has not learned of any confidences *from him* at all. Their interest are not antagonistic to each other.

Sensing the insufficiency of their arguments, Defendants even turn to contending that Diaz has failed to inform Angelica of a potential conflict. How can they know that? Again, that is rank speculation. Diaz is nevertheless prepared to provide an ex parte sealed submission to the Court should the Court require further addressing of this issue as it would involve confidential, attorney-client communications.

## V.     Legal Standard for Disqualification of Counsel

"Disqualification of one's chosen counsel is a drastic remedy that should be resorted to sparingly." *Armor Screen Corp. v. Storm Catcher, Inc.*, 709 F. Supp. 2d 1309, 1310 (S.D. Fla. 2010) (citing *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982)). Courts must "be conscious of [their] responsibility to preserve a reasonable balance between the need to ensure ethical conduct of lawyers appearing before [them] and other social interests, which include [a] litigant's right to freely choose counsel." *Woods v. Covington Cnty. Bank*, 537 F.2d 804, 810 (5th Cir. 1976). Parties presumptively are entitled to counsel of their choice, a choice that may be overridden <u>only</u> for exceptionally compelling reasons. *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003); *see also Jawhbs, LLC v. Arevalo*, 224 F. Supp. 2d 1296, 1299 (S.D. Fla. 2016) (citing *Metrahealth Ins. Co. v. Ancote Psychiatric Hosp., Ltd.*, 961 F. Supp. 1580, 1582 (M.D. Fla. 1997) (holding that "courts should hesitate to impose" orders for disqualification "except when absolutely necessary")).

Disqualification of counsel is generally not in the public interest. *Jeudine v. City of Homestead*, No. 14-cv-23896-Martinez/Goodman, at *5-6 (S.D. Fla. Mar. 9, 2016) (quoting *First Impressions Design & Mgmt., Inc. v. All That Style Interiors, Inc.*, 122 F. Supp. 2d 1352, 1354-55 (S.D. Fla. 2000)). "The party moving to disqualify counsel bears the burden of proving the grounds for disqualification." *Armor Screen*, 709 F. Supp. 2d at 1310 (citing *BellSouth*, 334 F.3d at 961). Motions to disqualify Florida counsel are determined using the standards set by the Florida Rules of Professional Conduct. *Shaw v. Broad and Cassel*, No. 11-cv-23689, 2012 WL 31505, at *2 (S.D. Fla. Feb. 1, 2012) (citing *Morse v. Clark*, 890 So. 2d 496, 497 (Fla. 4th

DCA 2004)). When deciding motions to disqualify based on an alleged ethical violation, to grant relief, a court must determine that the attorney violated a specific rule of professional conduct. *Id.* at *6 (quoting *Suchite v. Kleppin*, 784 F. Supp. 2d 1343, 1344 (S.D. Fla. 2011)).

Notably, nowhere in the Motion do the Defendants "walk through" the legal standard applicable to the issue. The Court can and should deny the Motion on that ground alone. Regardless, although not our burden, we will do so now. See, *Arnett v. Mid-Contl. Cas. Co.*, 8:08-cv-2373-T-27EAJ, 2010 WL 11507481, at *2 (M.D. Fla. April 13, 2010) listing the factors in determining disqualification waiver: (1) the length of the delay in bringing the motion (2) the date that the movant had the opportunity to object, (3) whether the movant was represented by counsel, (4) the reason for the delay, (5) whether disqualification would result prejudice to the non-moving party."). These five factors are further discussed below.

**(1) the length of the delay in bringing the motion**

The delay is almost four months.

**(2) the date that the movant had the opportunity to object**

Defendants have had the opportunity to object since November 15, 2021.

**(3) whether the movant was represented by counsel,**

Defendants have been represented by counsel since November 15, 2021.

**(4) the reason for the delay,**

There is none and the Defendants have failed to allege one in their Motion. *Zayas-Bayan*, 40 So. 3d at 872-73; *Transmark, USA, Inc. v. Fla. Dep't of Ins.*, 631 So. 2d 1112, 1116 (Fla. 1st DCA 1994) ("A motion to disqualify should be made with reasonable promptness after the party discovers" a basis for disqualification so as to prevent motions to disqualify from being used as tactical weapons).

**(5) whether disqualification would result prejudice to the non-moving party.**

Angelica would be significantly prejudiced if she were denied her counsel of choice. Angelica has already answered the complaint; she has made her Rule 26 disclosures; she has engaged in discovery; a scheduling order is in place; depositions are being planned to start next month. The SEC's discovery is voluminous and has been digested by Diaz. New counsel would need 5-6 months to get up to speed and cost angelica unnecessary attorney's fees for work already done by Diaz. The scheduling order would be turned on its head and the trial date lost. Based on the foregoing, here are no compelling reasons nor is it necessary to wrench

away her counsel of choice at this late stage in the litigation. "Speculated" prejudice cannot form a basis for disqualification.

In short, all five factors weight heavy against disqualification.

## VI. Conclusion

The Defendants have not *met* their burden of establishing grounds to disqualify Diaz. The Defendants and their counsel are guilty of waiver by inaction or late action. They have known about Diaz' representation of Angelica for almost three months, yet did nothing until now, long after Angelica has answered the complaint, asserted affirmative defenses and engaged in discovery and turned down Efrain's indecent proposal.

The motion for disqualification is in absolute bad faith. It has no basis in fact or law. Angelica has put defense counsel on Rule 11 notice-before and after the filing of the spurious Motion. The motion should be denied.

**WHEREFORE,** in light of the foregoing and the prevailing law, Angelica Betancourt respectfully requests that this Honorable Court enter an order denying the Defendants Sky Group USA, LLC and Efrain Betancourt's Motion to Disqualify, along with all other relief the Court deems proper and just.

Respectfully submitted,

s/ Richard J. Diaz
_____
Richard J. Diaz, Esq.
3127 Ponce De Leon Blvd.
Coral Gables, FL  33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
F.B.N. 0767697

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF and served electronically on all parties of record this 17 day of February, 2022.

s/ Richard Diaz
_____
Richard J. Diaz, Esq.