UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-23443-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,
v.

SKY GROUP USA, LLC and
EFRAIN BETANCOURT

    Defendants, and
_____/

ANGELICA BETANCOURT and
EEB CAPITAL GROUP, LLC

    Relief Defendants.
_____/

**MOTION TO WITHDRAW AS COUNSEL FOR RELIEF DEFENDANT, ANGELICA BETANCOURT**

Movant Richard J. Diaz, files this Motion to Withdraw as Counsel for Relief Defendant, ANGELICA BETANCOURT ("ANGELICA") and states:

1. This motion is being filed because Angelica lacks the financial resources to sustain Movant's legal fees going forward.

2. In October 2021, Angelica retained Movant with the hope that she would be early dismissed from the case after responding to the SEC's discovery, and if not, that Angelica might have to seek more affordable counsel.

3. However, Angelica has not been dismissed and the next step of the litigation will involve the taking of about 10 deposition, the preparation and taking of which will involve close to

1

100 hours. At Movant's hourly rate of $1,100.00/hour, Angelica cannot meet that anticipated economic burden. After all of the depositions are concluded, there will be summary judgment practice which itself could involve an additional 50 hours of litigation. If that fails, trial preparation and trial will easily involve another 150 hours of litigation.

4. In short, Angelica must seek other legal counsel now with a lower hourly rate or, ultimately, she proceed pro se.

5. Despite the allegations in the SEC complaint, in her answers to interrogatories, Angelica has sworn that the *only* monies that went *to her* were for $5,000.00 in monthly salary payments as a full time employee for Sky, which was a legitimate business expense, and as repayment of loan monies she herself advanced to Sky as an investor and therefore were themselves legitimate business expenses as well. Angelica has a meritorious defense.

6. Angelica makes clear that the filling of this motion is *not* the consequence of Defendants' Motion to Disqualify undersigned counsel, as Defendants' counsel may later claim or celebrate.

7. For some time, *well before* the motion to disqualify was even filed, it was contemplated that after Angelica responded to the SEC's discovery, and if the SEC did not quickly thereafter dismiss the complaint, that Angelica might need to seek new legal counsel more affordable to her then current economic condition. That time has now arrived.

8. But for this motion to withdraw as counsel for Angelica rendering the motion to disqualify moot, undersigned counsel would seek leave to file a sur reply to the Defendants' Reply (on their disqualification motion) which would have certified that the email attached as Exhibit B to the Reply [D.E. 49-2] is not authentic, that is to say, that the email address itself was never created or used by Angelica nor by anybody on her behalf; that the content

of the email was not created by Angelica nor by anybody on her behalf; and last, that the unauthentic email was never transmitted by Angelica or by anyone on her behalf to Efrain Betancourt. However, a sur reply becomes unnecessary with the filing of this motion should the Court permit the withdrawal unless the Court wish to resolve the factual dispute over the email. If so, Angelica remains ready, willing and able to appear at the March 15, 2022 hearing and testify that D.E. 49-2 was not created nor transmitted by her.

9. Before filing *this* motion, undersigned counsel has made sure that all necessary filings have been timely made and discovery timely complied with. Undersigned counsel has carefully gone over the scheduling order with Angelica and has just finished coordinating the scheduling of first round of depositions to begin in April 2022 and continue into July, 2022, which will give new counsel more than sufficient time to be adequately prepared to take over Angelica's representation with no need to affect the scheduling order or trial.

10. Undersigned counsel agrees to cooperate fully with new counsel in order to accomplish a smooth, orderly transition of the representation. With this commitment, nothing in the scheduling order will be affected, including the trial date.

11. Angelica respectfully requests that the Court provide her with 30 days to seek new, affordable counsel.

12. Undersigned counsel has conferred with counsel for the SEC and counsel for Defendants and Relief Defendant and there is no objection to undersigned counsel's withdrawal of representation.

13. Pursuant to Local Rule 11.1, Angelica can be served at 460 NE 28 Street #3206, Miami, FL 33137 and via email at dagtaz@gmail.com and telephone: 954-880-5589. Further, within seven (7) days of an order on this motion, Angelica has been advised to file the

Notice of Address with the Clerk's Office, unless, before then, new counsel is engaged and has filed a notice of appearance on her behalf.

WHEREFORE, Movant respectfully requests this Court enter an order granting his withdrawal from representation.

Respectfully submitted,

s/ Richard J. Diaz
_____

Richard J. Diaz, Esq.
3127 Ponce De Leon Blvd.
Coral Gables, FL  33134
Telephone: (305) 444-7181
Facsimile: (305) 444-8178
F.B.N. 0767697

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via CM/ECF and served electronically on all parties of record this 28 day of February 2022.

s/ Richard Diaz
_____
Richard J. Diaz, Esq.