UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21-cv-23443/BLOOM/Otazo Reyes

SECURITIES AND EXCHANGE COMMISSION,   )
                                      )
    Plaintiff,                         )
                                      )
v.                                    )
                                      )
SKY GROUP USA, LLC, and               )
EFFRAIN BETANCOURT JR.,               )
                                      )
    Defendants, and                   )
                                      )
ANGELICA BETANCOURT and               )
EEB CAPITAL GROUP, LLC,               )
                                      )
    Relief Defendants.                )
_____)

### CONSENT OF DEFENDANT EFRAIN BETANCOURT JR. TO FINAL JUDGMENT

1. Defendant Efrain Betancourt Jr. waives service of the Summons and the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as provided herein in Paragraph 12 and except as to personal and subject matter jurisdiction, which he admits), Betancourt consents to the entry of the Final Judgment Against Defendant Efrain Betancourt Jr. ("Final Judgment") in the form attached hereto and incorporated by reference herein. The Final Judgment, among other things: (1) permanently restrains and enjoins Betancourt from violating Sections 5(a) and (c) and 17(a) of the Securities Act of 1933 ("Securities Act") and Sections 10(b) and 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") and Exchange Act Rule 10b-5; (2) bars Betancourt from serving as an officer or director of a public company; and (3)


EXHIBIT E

orders Betancourt to pay disgorgement of $4,557,182 (for which he shall be jointly and severally liable with Defendant Sky Group USA), prejudgment interest on disgorgement of $126,769, and a civil penalty of $1,500,000.

    3.    Betancourt acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Betancourt agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Betancourt's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Betancourt agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Betancourt by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

    4.    Betancourt agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts he may be required to pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

are added to a distribution fund or otherwise used for the benefit of investors. Betancourt further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Betancourt pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Betancourt waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Betancourt waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Betancourt enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission, to him or to anyone acting on his behalf, to induce him to enter into this Consent.

8. Betancourt agrees this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Betancourt will not oppose enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Betancourt waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to him of the Final Judgment's terms and conditions.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Betancourt in this civil proceeding. Betancourt acknowledges no promise or representation

has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Betancourt waives any claim of Double Jeopardy based upon the settlement of this proceeding, including imposition of any remedy or civil penalty herein. Betancourt further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Betancourt understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

12.     Betancourt understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Betancourt's agreement to comply with the terms of Section 202.5(e), he: (a) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (b) will not make or permit to be made any public statement to the effect that

he does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating he does not deny the allegations; (c) upon filing of this Consent, hereby withdraws any papers filed in this action to the extent they deny any allegation in the Complaint; and (d) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the Complaint are true, and further, any debt for a civil penalty or other amounts due by Betancourt under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Betancourt of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19). If Betancourt breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Betancourt's: (i) testimonial obligations; or (ii) the right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Betancourt hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorneys' fees or other fees, expenses, or costs expended by Betancourt to defend against this action. For these purposes, Betancourt agrees he is not the prevailing party in this action, since the parties have reached a good faith settlement.

14. Betancourt agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Betancourt agrees that this Court shall retain jurisdiction over him and over this matter for the purpose of enforcing the terms of the Final Judgment.

May 11th, 2022

By: *Efrain Betancourt*
Efrain Betancourt Jr.

**STATE OF FLORIDA** )

**COUNTY OF** Broward )

On this 11th day of May 2022, before me personally appeared Efrain Betancourt Jr., who _____ is personally known to me or ✓ produced a driver's license bearing his name and photograph as identification, and who executed this Consent, and he acknowledged to me that he executed the same.

LESLEY TOMLINSON
Notary Public - State of Florida
Commission # HH122011
Expires on August 20, 2025

*Lesley Tomlinson*
Lesley Tomlinson    Online Notary
Notary Public
Notarized online using audio-video communication
DRIVER LICENSE

Approved as to Form:

By: *Mark D. Hunter*
Mark D. Hunter, Esq.
Hunter Taubman Fischer & Li, LLC
2 Alhambra Plaza, Suite 650-
Coral Gables, FL 33134
(305) 629-1180
mhunter@htflawyers.com
*Counsel for Defendant Efrain Betancourt Jr.*

6