UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23443-BLOOM/Otazo-Reyes

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

SKY GROUP USA LLC;
EFRAIN BETANCOURT, JR.;

    Defendants, and

ANGELICA BETANCOURT;
AND EEB CAPITAL GROUP, LLC,

    Relief Defendants.
_____/

## FINAL JUDGMENT AGAINST DEFENDANT SKY GROUP USA, LLC

**THIS CAUSE** is before the Court upon Plaintiff Securities and Exchange Commission's ("Plaintiff" or "Commission") Unopposed Motion for Entry of Final Judgments Against Defendants Sky Group USA and Efrain Betancourt Jr. and Relief Defendant EEB Capital Group and for Court to Establish Fair Fund, ECF No. [56] ("Motion"). The Motion was granted by a separate Order. Pursuant to Federal Rule of Civil Procedure 58(a), the Court enters this separate Final Judgment.

Accordingly, it is **ORDERED AND ADJUDGED** that by the Consent of Defendant Sky Group USA, LLC to Final Judgment ("Consent") attached hereto, Defendant Sky Group USA, LLC ("Sky Group"), without admitting or denying the allegations of the Complaint (except that Sky Group admits the jurisdiction of this Court over it and over the subject matter of this action), Sky Group has waived service of a summons and the Complaint, entered a general appearance, consented to entry of this Final Judgment, waived findings of fact and conclusions of law, and

waived any right to appeal from this Final Judgment. As such, Final Judgment is entered in favor of Plaintiff and against Sky Group as follows:

I.

**PERMANENT INJUNCTIVE RELIEF**

**A. Section 5 of the Securities Act of 1933 ("Securities Act")**

**IT IS ORDERED AND ADJUDGED** that Sky Group is permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Sky Group's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Sky Group or with anyone described in (a).

### B. Section 17(a) of the Securities Act

**IT IS ORDERED AND ADJUDGED** that Sky Group is permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. §77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

with respect to:

(1) any investment strategy or investment in securities,

(2) the prospects for success of any product or company,

(3) the use of investor funds,

(4) compensation to any person, or

(5) whether any investment product is a security or required to be registered under the securities laws.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Sky Group's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Sky Group or with anyone described in (a).

**C. Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act")**

**IT IS FURTHER ORDERED AND ADJUDGED** that Sky Group is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. §78j(b), and Rule 10b-5 promulgated thereunder (17C.F.R. § 240.10b-5), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

with respect to:

(1) any investment strategy or investment in securities,

(2) the prospects for success of any product or company,

(3) the use of investor funds,

(4) compensation to any person, or

(5) whether any investment product is a security or required to be registered under the

4

securities laws.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Sky Group's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Sky Group or with anyone described in (a).

**II.**

**DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY**

**IT IS FURTHER ORDERED AND ADJUDGED** that Sky Group is liable to the Commission for $30,267,152.00 in disgorgement, representing net profits gained as a result of the conduct alleged in the Complaint. Sky Group shall be jointly and severally liable with Defendant Efrain Betancourt Jr. for $4,557,182.00 of the disgorgement total. Sky Group shall further be liable for prejudgment interest on disgorgement of $2,021,038.00, and a civil penalty of $7,000,000.00 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

Sky Group shall pay the total of $39,288,990.00 to the Commission within thirty (30) days of entry of this Final Judgment. Any amount of disgorgement paid by Efrain Betancourt Jr. in satisfaction of his disgorgement liability of $4,557,182.00 shall reduce the disgorgement owed by Sky Group on this Final Judgment by a corresponding amount. Furthermore, any amounts of disgorgement paid by Relief Defendants EEB Capital Group and Angelica Betancourt on any Final Judgments the Commission obtains against them shall also reduce the total disgorgement owed by Sky Group on this Final Judgment by a corresponding amount. Sky Group may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions

upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Sky Group may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>HQ Bldg. Room 265, AMK-326
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, name of this Court, and Sky Group as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Sky Group shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action, Robert K. Levenson, Senior Trial Counsel, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1950, Miami, FL 33131. By making this payment, Sky Group relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Sky Group.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after thirty (30) days following entry of this Final Judgment. The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Sky Group shall pay post judgment interest on any amounts due after thirty (30) days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any

interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Sky Group shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Sky Group's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Sky Group's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Sky Group shall, within thirty (30) days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Sky Group by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

Case No. 21-cv-23443-BLOOM/Otazo-Reyes

### III.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and Sky Group shall comply with all of the undertakings and agreements set forth therein.

### IV.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter and over Sky Group in order to implement and carry out the terms of this Final Judgment and all Orders and Decrees that may be entered, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to order any other relief that this Court deems appropriate under the circumstances.

### V.

### RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 28, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record