**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-23443-BLOOM/Otazo-Reyes**

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

SKY GROUP USA LLC;
EFRAIN BETANCOURT, JR.;

      Defendants, and

ANGELICA BETANCOURT;
AND EEB CAPITAL GROUP, LLC,

      Relief Defendants.

_____/

**<u>FINAL JUDGMENT AGAINST RELIEF DEFENDANT ANGELICA BETANCOURT</u>**

      **THIS CAUSE** is before the Court upon Plaintiff Securities and Exchange Commission's

("Plaintiff" or "Commission") Unopposed Motion for Final Judgment Against Relief Defendant

Angelica Betancourt, ECF No. [66] ("Motion"). By the Consent of Relief Defendant Angelica

Betancourt to Final Judgment ("Consent") attached hereto, without admitting or denying the

allegations of the Complaint (except as set forth in Section IV below and except as to the

jurisdiction of the Court over her and over the subject matter of this action, which she admits),

Relief Defendant Angelica Betancourt ("Betancourt") has waived service of a summons and the

Complaint, entered a general appearance, consented to entry of this Final Judgment, waived

findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment.

The Motion was granted by a separate order. Pursuant to Federal Rule of Civil Procedure 58(a),

the Court enters this separate Final Judgment.

Case No. 21-cv-23443-BLOOM/Otazo-Reyes

## I.

## DISGORGEMENT AND PREJUDGMENT INTEREST

It is **ORDERED AND ADJUDGED** that Betancourt is liable to the Commission for

$994,597.41 in disgorgement, representing net profits gained as a result of the conduct alleged in

the Complaint, and prejudgment interest on disgorgement of $83,360.35.

Betancourt shall pay the total of $1,077,957.76 to the Commission within thirty (30) days

of entry of this Final Judgment. Betancourt may transmit payment electronically to the

Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.

Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm. Betancourt may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> HQ Bldg. Room 265, AMK-326
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, name of this

Court, and Betancourt as a relief defendant in this action; and specifying that payment is made

pursuant to this Final Judgment.

Betancourt shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action, Robert K. Levenson, Senior

Trial Counsel, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1950, Miami,

FL 33131. By making this payment, Betancourt relinquishes all legal and equitable right, title, and

interest in such funds and no part of the funds shall be returned to Betancourt.

2

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after thirty (30) days following entry of this Final Judgment. Betancourt shall pay post judgment interest on any amounts due after thirty (30) days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

## II.

### INCORPORATION OF CONSENT

It is further **ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and Betancourt shall comply with all of the undertakings and agreements set forth therein.

## III.

### RETENTION OF JURISDICTION

It is further **ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter and over Betancourt in order to implement and carry out the terms of this Final Judgment and all Orders and Decrees that may be entered, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to order any other relief that this Court

3

deems appropriate under the circumstances.

## IV.

## <u>BANKRUPTCY NONDISCHARGEABILITY</u>

It is further **ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Betancourt, and further, any debt for a civil penalty or other amounts due by Betancourt under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Betancourt of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## V.

## <u>RULE 54(b) CERTIFICATION</u>

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 16, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

4